IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LYNDON SIMMONS,
No. 05210-030,

Petitioner,

vs.                                                    Case No. 17-cv-1283-DRH

B. TRUE,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), he should not have been subject to the career-offender enhancement under the United States Sentencing Guidelines ("USSG") based on his 2 previous Illinois drug-related convictions. (Doc. 1).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

1

corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, the Court concludes that this action is subject to dismissal.

## **The Petition**

On July 18, 1997, in the Southern District of Iowa, Petitioner was sentenced to 351 months imprisonment for conspiracy to distribute cocaine base, and for distribution. (Doc. 239, *United States v. Gadison, Simmons, et al.*, Case No. 96-cr-112-CRW (S.D. Iowa). The sentencing court noted that it applied the 360-month guideline sentence, and subtracted the 9 months that Petitioner had already served in the State of Illinois. This sentence was to run concurrently with the Illinois sentence Petitioner was then serving in a 1995 case. *Id.*

Petitioner states that his advisory sentencing guideline range was increased to the 360-month-to-life level under Section 4B1.1(b) of the United States Sentencing Guidelines ("USSG"), because he had 2 prior convictions in Illinois for delivery of cocaine and cocaine base. (Doc. 1, pp. 2, 6, 9). Without that career-offender enhancement, his guideline range would have been only 235-293 months. (Doc. 1, p. 9). He argues that Section 4B1.2 of the USSG was misconstrued to include his previous Illinois convictions as predicate offenses for the career offender designation, when in fact those Illinois convictions contain different elements and do not qualify as "controlled substance offenses" within the meaning of the USSG. (Doc. 1, pp. 6, 7). He does not further articulate this argument.

Petitioner previously challenged his conviction and sentence without success, on direct appeal, *United States v. Puckett, et al.*, 147 F.3d 765 (8th Cir. 1998); and with a motion under 28 U.S.C. § 2255. He was denied permission to bring a successive § 2255 motion in 2014 (Case No. 14-cv-128, S.D. Iowa), and on November 6, 2017 (8th Circuit Case No. 17-2364). He brought an earlier petition under 28 U.S.C. § 2241 in the Central District of Illinois, which was dismissed. *Simmons v. Hastings*, Case No. 03-cv-1277 (C.D. Ill. Aug. 26, 2003).

### **Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, Petitioner is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of

3

his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

This Court has found that a collateral attack invoking *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), facially satisfies the three conditions which would allow consideration in a § 2241 proceeding under the savings clause of § 2255(e). *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Wadlington v. Werlich*, No. 17-cv-449-DRH (S.D. Ill. July 17, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Warren v.*

4

*Werlich*, No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017). However, the Seventh Circuit on November 8, 2017, issued an opinion squarely rejecting the very argument raised by Petitioner herein. *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017) (career offender enhancement of sentence based on Illinois controlled substance convictions was proper, distinguishing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)). Under this authority, the instant Petition must be dismissed.

The *Redden* court, referencing the Illinois statute's definitions relating to controlled substance offenses, stated:

> The definition that underlies the offense established by 720 ILCS 570/401 tells us that "deliver" and "delivery" mean an "actual, constructive or attempted transfer". 720 ILCS 570/102(h). Any conduct meeting the state's definition of "delivery" comes within § 4B1.2(b) because "transfer" is just another word for distribute or dispense.

*Redden*, 875 F.3d at 374. The Illinois statute does not contain the element of "offering" a drug for sale, as did the Texas statute that led the *Hinkle* court to invalidate Hinkle's career-offender enhancement. Given the equivalence of "delivery" in Illinois with "distribute or dispense" under the federal definitions, the Seventh Circuit concluded that "it would be frivolous . . . to argue that Redden is not a career offender" based on his Illinois drug convictions. *Redden*, 875 F.3d at 374.

Applying the *Redden* court's binding precedent, Petitioner's Illinois convictions for "delivery" of controlled substances were properly used as predicate convictions for his career-offender sentence under USSG § 4B1.1,

5

because they involved "distribution" or "dispensing" of a controlled substance within the meaning of USSG § 4B1.2(b). Petitioner is therefore not entitled to relief in this action.

### **Disposition**

To summarize, Petitioner's claim that his Illinois drug convictions should not be considered "controlled substance offenses" that would trigger enhanced career-offender sentencing is frivolous under *United States v. Redden*, 875 F.3d at 374. Accordingly, the Petition is summarily **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Petitioner to obtain a

certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.22
11:02:19 -06'00'

**United States District Judge**